**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **SAMUEL OF THE FAMILY JETER,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:18-CV-273-L-BH** |
| | § | |
| **CHILD SUPPORT DIVISION 42 U.S.C. §** | § | |
| **654(3); DALLAS COUNTY; DALLAS** | § | |
| **COUNTY TEXAS CLERK OF COURT;** | § | **Pretrial Management** |
| **DALLAS COUNTY TEXAS SUPERIOR** | § | |
| **COURT; and DALLAS COUNTY TEXAS** | § | |
| **Child Support Division,** | § | |
| **Defendants.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Standing Order of Reference*, filed May 14, 2018 (doc. 17), this case has been referred for full case management. Before the Court for recommendation are *Dallas County Defendants' Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1)(2)(5) and (6) and Brief in Support*, filed May 2, 2018 (doc. 13); and *Defendant's Motion to Dismiss Plaintiff's Amended Complaint*, filed May 10, 2018 (doc. 15). Based on the relevant filings and applicable law, the motions should be **GRANTED**, and the plaintiff's remaining claims should be dismissed *sua sponte*.

## I. BACKGROUND

"Samuel of the family Jeter" (Plaintiff) initially filed this *pro se* lawsuit on February 2, 2018. (*See* doc. 3.) He asserts claims for multiple constitutional violations under 42 U.S.C. § 1983 against Dallas County, Texas (County), the Dallas County Clerk of Court (County Clerk), the Dallas County Court (County Court), the Dallas County Child Support Division (County CSD), and the "42 U.S.C. § 654(3) Child Support Division" (CSD), (collectively Defendants).[1] (doc. 12 at 1-3; 8-13.)[2] He

---

[1]Despite naming the CSD in this manner, Plaintiff expressly identifies it as a "single and separate unit, private business and umbrella agency in the Executive Branch, under 31 U.S.C. § 6305 contractual partnership with the Federal OCSE, and employer to agency 45 C.F.R. § 302.34 IV-D contractors within Dallas County to sell IV-D

also appears to assert claims for violations of state law.  (*Id*. at 1, 9.)  He seeks declaratory relief, termination of "IV-D Collections Case #0011242735", actual damages, punitive damages, attorney's fees, and a refund of "his honestly acquired income against each [D]efendant."  (*Id*. at 1, 13-14.)

Plaintiff claims that "during th[e] legal proceeding [in which he was married in 2004], [the County Clerk] failed to provide adequate legal notice to him that baring [sic] offspring during said marriage would default him into debt with the CSD if the marriage did not work."  (*Id*. at 9.)  Upon his divorce in 2007, an "IV-D contracted judge issued an IV-D order" imposing child-support obligations on him within the divorce decree that subjected him "to deprivations of life, liberty and pursuit of happiness and financial servitude against his will, for profit."  (*Id*.)  He appears to allege that CSD entered into "an IV-D contract for profit with the federal government," and that this contract "caused him to be subject to IV-D collection activities."  (*Id*. at 6, 8.)  He also alleges that he petitioned "for redress on January 15, 2018, and his request for adequate administrative remedies . . . was ignored and never returned."  (*Id*. at 3.)  According to Plaintiff, his complaint "is based on the fact that the [D]efendants acted under contract and color of non-positive law titles for profit" to deprive him of his rights.  (*Id*. at 4.)  He essentially seeks to terminate the child-support obligations imposed by the state court, and to obtain damages based on those obligations.  (*See id*. at 8–15.)

On May 2, 2018, the County, County Clerk, County Court, and County CSD (collectively, County Defendants) moved to dismiss Plaintiff's claims for lack of subject-matter jurisdiction, lack of personal jurisdiction, insufficient service of process, and failure to state a claim upon which relief can be granted.  (doc. 13.)  The CSD subsequently filed its motion to dismiss Plaintiff's claims for

---

services as condition of receiving federal profits."  (doc. 12 at 2.)

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted on

May 10, 2018. (doc. 15.) Plaintiff filed a timely response, and Defendants filed timely replies. (*See*

docs. 20-22.) The motions are now ripe for recommendation.[3]

## II. RULE 12(b)(1)

Defendants move for dismissal under Rule 12(b)(1) for lack of subject-matter jurisdiction.

(docs. 13 at 2-5, 7-8; 15 at 1-4, 8-9.)

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges

a federal court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). "Federal courts are courts

of limited jurisdiction. They possess only that power authorized by Constitution and statute, which

is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375,

377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction,

and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."

*Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

A Rule 12(b)(1) motion "may be raised by a party, or by a court on its own initiative, at any

stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y & H Corp.*, 546 U.S.

500, 506 (2006). A court must dismiss the action if it determines that it lacks jurisdiction over the

subject matter. Fed. R. Civ. P. 12(h)(3); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th

Cir. 1998). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the

---

[3] On June 12, 2018, Plaintiff filed *Plaintiff's Reply in Support of Amended [sic] Complaint in Response to Defendant's Motion to Dismiss (Filed 24th of May 2018)*. (doc. 23.) This filing is liberally construed as a surreply. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (requiring the courts to construe *pro se* pleadings liberally); *Erickson v. Pardus*, 551 U.S. 89 (2007) (same). The local rules require leave of court before filing a surreply. *See* L.R. 56.7. Because Plaintiff did not seek leave to file his surreply, "it will not be considered." *Neely v. Khurana*, No. 3:07–CV–1344–D, 2009 WL 1605649, at *3 n.4 (N.D. Tex. June 5, 2009). Even if considered, however, the findings or ultimate recommendation on Defendants' motions to dismiss would remain the same because it does not raise any new arguments or factual information, but only repeats portions of Plaintiff's response. (*See* docs. 20; 23.)

court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).  A dismissal under Rule 12(b)(1) "is not a determination of the merits," and it "does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id*.  Accordingly, considering Rule 12(b)(1) motions first "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id*.

A district court may dismiss for lack of subject-matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981) (en banc).  A motion to dismiss based on the complaint alone presents a "facial attack" that requires the court to merely decide whether the allegations in the complaint, which are presumed to be true, sufficiently state a basis for subject-matter jurisdiction. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1998).  If sufficient, those allegations alone provide jurisdiction. *Id*.

If the defendant supports the motion with evidence, however, then the attack is "factual" and "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson*, 645 F.2d at 413.  A factual attack may occur at any stage of the proceedings. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).  Regardless of the nature of attack, the party asserting federal jurisdiction continually carries the burden of proof to show it exists. *Ramming*, 281 F.3d at 161.

Here, Defendants rely on Plaintiff's amended complaint, so they present a facial attack that

4

does not require the Court to resolve matters outside the pleadings.  *See Bridgewater v. Double Diamond–Delaware, Inc.*, No. 3:09–CV–1758–B, 2010 WL 1875617, at *5 (N.D. Tex. May 10, 2010); *Lester v. Lester*, No. 3:06–CV–1357–BH, 2009 WL 3573530, at *4 (N.D. Tex. Oct. 29, 2009).

### A.    Eleventh Amendment Immunity

The CSD contends that Plaintiff's claims against it are barred by Eleventh Amendment immunity.  (doc. 15 at 3-4.)

Based on Plaintiff's characterization of the CSD as an "employer to agency 45 C.F.R. § 302.34 IV-D contractors within Dallas County," his lawsuit suit appears directed at the Office of the Attorney General (OAG) because it "'is the designated IV-D agency . . . and has the power to enforce child support orders and collect and distribute support payments'" under Title IV, Part D of the Social Security Act, and the "child support division is merely a department within that agency."  *Anthony of the Family Baker v. Child Support Div. and Dallas Cty. Tex.*, No. 3:18–CV–341–C–BN, 2018 WL 4858743, at *6 (N.D. Tex. Sept. 18, 2018) (citing cases), *adopted by*, 2018 WL 4854167 (N.D. Tex. Oct. 5, 2018).  The OAG, as a state instrumentality, is cloaked with Eleventh Amendment immunity.  2018 WL 4858743, at *6.

The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  "This withdrawal of jurisdiction effectively confers an immunity from suit."  *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993).  Therefore, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State."

5

*Edelman v. Jordan*, 415 U.S. 651, 663 (1974).  This immunity applies to both federal and state law claims brought in federal court.  *See Raj v. La. State Univ.*, 714 F.3d 322, 328–29 (5th Cir. 2013) (determining that sovereign immunity bars both federal and state law claims brought in federal court); *Roberson v. McShan*, No. 05–20055, 2005 WL 2673516, at *1 (5th Cir. Oct. 20, 2005) (per curiam) (finding that Eleventh Amendment immunity divests federal courts of jurisdiction to hear federal and state law claims).

Although Congress has the power to abrogate that immunity through the Fourteenth Amendment, *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72–76 (2000), and the State may waive its immunity by consenting to suit, *AT&T Communic'ns v. BellSouth Telecomms. Inc.*, 238 F.3d 636, 643 (5th Cir. 2001), the State has not waived its immunity by consenting to suit, nor has Congress abrogated the Eleventh Amendment immunity by enacting 42 U.S.C. § 1983.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Additionally, "Congress did not abrogate Eleventh Amendment immunity by granting federal courts supplemental jurisdiction over state law claims in 28 U.S.C. § 1367(a)."  *Roberson*, 2005 WL 2673516, at *1 (citing *Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 541–42 (2002)).  Accordingly, any claims, whether asserted under federal or state law, for monetary damages against the CSD of the OAG, are barred by Eleventh Amendment immunity.  *See Anthony of the Family Baker*, 2018 WL 4858743, at *6 (citing cases) (claims against the OAG were barred by sovereign immunity); *see also Soniat v. Tex. Real Estate Comm'n*, 721 F. App'x 398, 398 (5th Cir. 2018) (per curiam) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 63 (1989)) ("Congress has not clearly abrogated state agencies' sovereign immunity from suits brought under 42 U.S.C. § 1983.").

Plaintiff also seeks declaratory relief.  (doc. 12 at 1, 13-14.)  Although the "Eleventh

Amendment does not bar suits for injunctive or declaratory relief against individual state officials acting in violation of federal law," *Ex parte Young*, 209 U.S. 123, 155–56 (1908), that exception applies only where a plaintiff names "individual state officials as defendants in their official capacities." *Raj v. La. State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013) (citing cases); *see also Shah v. Univ. of Tex. Sw. Med. Sch.*, 54 F. Supp. 3d 681, 690 (N.D. Tex. 2014) (citing cases) (finding that the *Ex parte Young* exception applies only in suits asserted against individuals in their official capacities, and not in suits against states or state agencies). Because Plaintiff names only the CSD, a division within the OAG, any claims for declaratory relief against the CSD are also barred by Eleventh Amendment immunity. *See id.*

Because all of Plaintiff claims against the CSD are barred by Eleventh Amendment immunity, they should be dismissed without prejudice.[4]  *See Cooper v. Sears*, No. Civ. A. 3:02–CV–0698–R, 2004 WL 515607, at *1 (N.D. Tex. Jan. 9, 2004) (quoting *Warnock v. Pecos Cty., Tex.*, 88 F.3d 341, 342–43 (5th Cir. 1996)) (stating that Eleventh Amendment immunity has a jurisdictional effect, and "[o]nce a court finds that [it] applies, the barred claims 'can be dismissed only under Rule 12(b)(1) and not with prejudice.'"); *see also Shah*, 54 F. Supp. 3d at 690 (dismissing claims that were barred by Eleventh Amendment immunity under Rule 12(b)(1) for lack

_____

[4] The CSD also asserts that Plaintiff's claims are subject to dismissal because it is "not a 'person' for the purposes of a proper [s]ection 1983 cause of action." (doc. 15 at 5.) A plaintiff may not bring a civil rights action against a servient political agency or department unless that agency or department enjoys a separate and distinct legal existence. *Darby v. Pasa-dena Police Dep't*, 939 F.2d 311, 313–14 (5th Cir. 1991). In *Darby*, the Fifth Circuit held that "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id.* at 313. Because Plaintiff has not shown that CSD is a jural entity, any claims against it are also subject to dismissal on this basis. *See Anthony of the Family Baker*, 2018 WL 4858743, at *6; *Harris v. City of Hammond*, No. 07–3890, 2008 WL 4469112, at *2 (E.D. La. Sept. 30, 2008) (finding that a division of the OAG was "not a juridical person separate and distinct from the [OAG] that [could] sue or be sued.").

of subject-matter jurisdiction).[5]

## B.   *Rooker-Feldman* **Doctrine**

The County Defendants contend that subject-matter jurisdiction is lacking based on the *Rooker-Feldman*[6] doctrine because Plaintiff "seeks to have this Court find a violation of his constitutional and other federally secured rights arising from the enforcement of a state court judgment." (doc. 13 at 4-5.)

The *Rooker-Feldman* doctrine divests federal district courts of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 281 (2005). "[F]ederal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts." *See Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (quoting *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994)). Under 28 U.S.C. § 1257, only the United States Supreme Court has exclusive jurisdiction to review final judgments or decrees entered by the highest court of a state. Accordingly, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994).

A "state court judgment is attacked for purposes of *Rooker-Feldman* 'when the [federal]

---

[5] Because all of Plaintiff's claims against the CSD are subject to dismissal based on Eleventh Amendment immunity, it is unnecessary to reach its additional arguments for dismissal.

[6] The *Rooker–Feldman* doctrine takes its name from two Supreme Court decisions, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

claims are inextricably intertwined with a challenged state court judgment.'" *Weaver v. Tex. Capital Bank, N.A.*, 660 F.3d 900, 904 (5th Cir. 2011) (per curiam) (citations and internal quotation marks omitted). *Rooker-Feldman* "does not preclude federal jurisdiction over an 'independent claim,' even 'one that denies a legal conclusion that a state court has reached [,]'" however. *Id.* (quoting *Exxon Mobil Corp*, 544 U.S. at 293); *accord Avdeef v. Royal Bank of Scotland, P.L.C.*, 616 F. App'x 665, 673 (5th Cir. 2015) (per curiam). Additionally, the Fifth Circuit has held that the doctrine does not apply if the state proceedings, even if on appeal, were ongoing at the time the federal suit was filed. *See Gross v. Dannatt*, 736 F. App'x 493, 494 (5th Cir. 2018) (quoting *Ill. Cent. R. Co. v. Guy*, 682 F.3d 381, 390 (5th Cir. 2012) ("this court has limited the application of *Rooker-Feldman* to those cases in which 'a party suffered an adverse final judgment rendered by a state's court of last resort.'"); *Anthony of the Family Baker*, 2018 WL 4858743, at *5 (citing *Gross*, 736 F. App'x at 494). The doctrine "generally applies only where a plaintiff seeks relief that directly attacks the validity of an existing state court judgment." *Weaver*, 660 F.3d at 904 (emphasis added). Nonetheless, a party cannot escape *Rooker-Feldman* by "casting . . . a complaint in the form of a civil rights action." *Liedtke*, 18 F.3d at 317 (citing cases).

Here, Plaintiff alleges that the state court's imposition of child support obligations on him violated his "rights, privileges, and immunities secured by the Constitution and [l]aws." (doc. 12 at 1, 9.) He specifically seeks termination of "IV-D Collections Case #0011242735", a refund of "his honestly acquired income", and damages for the alleged violations of his rights that resulted from the imposition of child support obligations. (*Id.* at 1, 13-14.) His claims "appear to present an impermissible request" for federal review of a state court judgment, and "therefore appear to be 'inextricably intertwined' with the state court judgment so that this Court could not rule in [his]

favor without overturning the state court."[7]  *Anthony of the Family Baker*, 2018 WL 4858743, at

*5–6 (alteration in original) (citing *Turner v. Cade*, 354 F. App'x 108, 111 (5th Cir. 2009)).  As

noted, however, the doctrine does not apply if the state proceedings were ongoing at the time the

federal suit was filed, and the County Defendants have "not address[ed] the status of the state

proceeding" implicated by Plaintiff's claims.  *See id*. at *6 ; *see also Gross*, 736 F. App'x at 494.

Accordingly, "the Court has no basis to know whether an adverse final judgment by a Texas court

of last resort has been entered," and without this knowledge, it "cannot say that *Rooker-Feldman*

deprives it of jurisdiction."  *Id*.  The County Defendants' motion to dismiss on this basis should

therefore be denied.

### III. RULES 12(b)(2) and 12(b)(5)

The County Defendants also move for dismissal under Rules 12(b)(2) and 12(b)(5) on the

grounds that the Court lacks personal jurisdiction over them because Plaintiff failed to effectuate

service in compliance with the rules of civil procedure.  (doc. 13 at 8-10.)

Rule 12(b)(2) allows for dismissal of an action when a court lacks personal jurisdiction over

a defendant.  *See* Fed. R. Civ. P. 12(b)(2).  Rule 12(b)(5) permits a challenge to the method of

service attempted by the plaintiff, or the lack of delivery of the summons and complaint.  *See* Fed.

R. Civ. P. 12(b)(5); *Coleman v. Bank of New York Mellon*, 969 F. Supp. 2d 736, 745 (N.D. Tex.

2013).  A federal court is without personal jurisdiction over a defendant unless that defendant has

been served with process in accordance with Rule 4 of the Federal Rules of Civil Procedure.  *See*

*id*. (citing *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) & *Pavlov*

---

[7] The *Rooker-Feldman* doctrine has consistently been applied to bar federal jurisdiction over matters related to divorce and child support.  *See Anthony of the Family Baker*, 2018 WL 4858743, at *5  (citing cases); *see also Evans v. Williamson Cty. Gov't*, No. A–15–CV–436–SS, 2015 WL 4621449, at *4 (W.D. Tex. May 28, 2015) (collecting cases), *adopted by*, 2015 WL 4624708 (W.D. Tex. July 31, 2015).

*v. Parsons*, 574 F. Supp. 393, 399 (S.D. Tex. 1983)). Rule 4(c) places the burden on the plaintiff

to ensure that defendants are properly served with summons and a copy of the complaint. Fed. R.

Civ. P. 4(c)(1). "[A] plaintiff's *pro se* status does not excuse any failure to properly effect service

of process." *Webb v. Dallas Area Rapid Transit*, No. 3:17–CV–878–M–BN, 2017 WL 4082445,

at *2 (N.D. Tex. Aug. 22, 2017) (citing *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011,

1013 (5th Cir. 1990)), *adopted by*, 2017 WL 4023100 (N.D. Tex. Sept. 13, 2017).

When the defendant is an individual, Rule 4(e)(1) allows for service according to the law of

the state in which the district court is located. Fed. R. Civ. P. 4(e)(1). Under this rule, service of

process on an individual defendant like the County Clerk must comply with the Texas rules

governing service. *Id*. Further, a state, local government, or "any other state-created governmental

organization that is subject to suit" is properly served by either "delivering a copy of the summons

and of the complaint to its chief executive officer," or by "serving a copy of each in the manner

prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R.

Civ. P. 4(j)(2). Under this rule, service of process for the County could be effected by serving "the

County Judge, who is also the chief executive" officer of the County. *Hammonds v. Dallas Cty.*,

No. 3:17–CV–1661–N–BN , 2018 WL 2473680, at *5 (N.D. Tex. Apr. 26, 2018), *adopted by*, 2018

WL 2461982 (N.D. Tex. June 1, 2018); *Starr v. El Paso, Tex.*, No. EP–09–CV–353–KC, 2010 WL

457311, at *2 (W.D. Tex. Feb. 4, 2010) ("service of process must be on the County Judge under

either prong of Rule 4(j)(2)."). Also under Rule 4(j)(2), proper service on the County Court or

County CSD "appears to require service on [those] defendant[s'] chief executive or, possibly, other

high ranking official." *Anthony of the Family Baker v. Child Support Division*, No.

3:18–CV–341–C–BN, 2018 WL 1833059, at *3 (N.D. Tex. Mar. 28, 2018) (citing Fed. R. Civ. P.

4(j)(2)(a) & Tex. Civ. Prac. & Rem. Code § 17.024), *adopted by*, 2018 WL 1830843 (N.D. Tex. Apr. 17, 2018).

Here, because the County Judge was not served, service on the County was not proper. *See Starr*, 2010 WL 457311, at *2. Also, although proof of service was filed in this suit indicating that the complaint was served upon "Karen E. Young, Senior Regional Attorney" for the Dallas County Child Support Division, Plaintiff "has provided no evidence that Ms. [Young] is that defendant's chief executive or high ranking official with that defendant."[8] *Anthony of the Family Baker*, 2018 WL 1833059, at *3. Additionally, summons was not issued, and no proof of service has been filed for the County Clerk or the County Court. Plaintiff has therefore failed to meet his burden to ensure that the County Defendants were properly served with summons and a copy of the complaint under either the federal or state rules of procedure.

Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). When the 90–day deadline has not expired, the court may dismiss the action without prejudice for insufficient service of process so the plaintiff may effect proper service. *See Grant–Brooks v. Nationscredit Home Equity Servs. Corp.*, No. 3:01–CV–2327, 2002 WL 424566, at *5 (N.D. Tex. Mar. 15, 2002) (under prior version of Rule 4(m)). Alternatively, the court has discretion to quash service and give the plaintiff an additional opportunity to properly effect service. *Chapman*, 2011 WL 2078641, at *1; *Shabazz v. Serv. Emps. Int'l Union*, No. 3:04–CV–229–M, 2004 WL 1585808, at *2 (N.D. Tex. July 13, 2004) (citation

---

[8] Proof of service was also separately filed for the "Office of the Attorney General-Child Support Division." (*See* doc. 10.) That proof of service is not at issue here, however.

12

omitted).  "[W]hen the time to effect service has expired," however, "the party attempting service has the burden of demonstrating 'good cause' for failure to serve the opposing party." *Kreimerman v. Casa Veerkamp*, 22 F.3d 634, 645 (5th Cir. 1994) (citation omitted); *Craddock v. Halverson*, No. 7:04–CV–020–R, 2004 WL 2381715, at *1 (N.D. Tex. Oct. 22, 2004); *see also* Fed. R. Civ. P. 4(m).

Here, the 90–day deadline for serving process has expired.  Consequently, Plaintiff must demonstrate "good cause" for his failure to properly serve process on the County Defendants.  *See Kreimerman*, 22 F.3d at 645.  He has not attempted to demonstrate good cause for his failure; nor has he requested additional time to properly serve them.  (*See* doc. 20.)  Dismissal without prejudice under Fed. R. Civ. P. 12(b)(5) is therefore proper.  *See Craddock*, 2004 WL 2381715, at *4; *see also Flores v. Koster*, No. 3:11–CV–0726–M–BH, 2013 WL 4874115, at *3 (N.D. Tex. June 28, 2013) (dismissing suit under Rule 12(b)(5) for insufficient service because the plaintiffs "have  not attempted to demonstrate good cause for their failure to effect proper service on [d]efendant"); *Gilliam v. Kiere*, No. 3:96–CV–0813–G, 1997 WL 279768, at *4 (N.D. Tex. May 16, 1997) (dismissing suit without prejudice under Rule 12(b)(5) because the plaintiff "has not shown such good cause, or even attempted to do so").  Because dismissal under Rule 12(b)(5) is without prejudice, however, the County Defendants' Rule 12(b)(6) arguments for dismissal will also be considered.  *See Coleman*, 969 F. Supp. 2d at 746–54 (considering arguments for dismissal under Rule 12(b)(6) even though dismissal under Rule 12(b)(5) was proper).

### IV. RULE 12(b)(6)

The County Defendants also move to dismiss Plaintiff's claims under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  (doc. 13 at 5-8.)

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be

granted.  Fed. R. Civ. P. 12(b)(6).  Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal.  *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).  The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff.  *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted).  Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id*. at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").  The alleged facts must "raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."  *Id*. at 570 (emphasis added).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted).  When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."  *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

A.   **42 U.S.C. § 1983**

The County Defendants assert that Plaintiff "has failed to state a plausible claim for relief"

14

under § 1983.  (doc. 13 at 5-7.)

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994).  It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.*  To state a claim, a plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States and (2) the deprivation occurred under color of state law.  *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

### 1.   *County Court and County CSD*

The County Court and County CSD assert that they are "not separate jural entities which are subject to suit."  (doc. 13 at 5-6.)

As noted, a plaintiff cannot bring a civil action against a servient political agency or department, "unless the true political entity has taken explicit steps to grant the servient agency with jural authority . . . ."  *Darby*, 939 F.2d at 313; *Anthony of the Family Baker*, 2018 WL 4858743, at *6; *see Amrhein v. Riechert*, No. 3:12–CV–03707–G–BK, 2013 WL 1155473, at *9 (N.D. Tex. Feb. 1, 2013) (citing *Darby*, 939 F.2d at 313–14) ("A plaintiff may not bring a civil rights action against a servient political department unless the agency has a separate and distinct legal existence.").

It is well-established that a county court is a non-jural entity that is not subject to suit. *Amrhein*, 2013 WL 1155473 at *9 (finding that "the Collin County Administrative Court [was] not a legal entity subject to suit."); *Moore v. Crowley Courts*, No. 3–07–CV–0962–M, 2007 WL 3071188, at *2 n.1 (N.D. Tex. 2007) (noting that the "Crowley Courts" were "not a legal entity subject to suit."); *Daniel v. Dallas Co. Comm'rs Court*, No. 301CV72P, 2001 WL 167923, at *1

(N.D. Tex. 2001) (finding that a county court was not a separate jural entity that was subject to suit).

Additionally, the County CSD also appears to be a non-jural entity that cannot be sued because it

"is merely an agency or division of [Dallas] County." *Gragert v. Harris Cty.*, No. 4:09–CV–2063,

2010 WL 11538411, at *4 (S.D. Tex. Aug. 11, 2010); *cf. Williams v. Hunt Cty.*, No.

3:17–CV–3264–D–BN, 2018 WL 2031915, at *2 (N.D. Tex. Apr. 4, 2018) (finding that the

"sheriff's department of a Texas county [was] not a jural entity subject to suit," nor was a division

within that department), *adopted by*, 2018 WL 2018592 (N.D. Tex. May 1, 2018).  Because the

County Court and County CSD are not jural entities that are subject to suit in a civil action,

Plaintiff's "claims against [them] should be dismissed" for failure to state a claim.  *See Anthony of

the Family Baker*, 2018 WL 4858743, at *6; *see also Puckett v. Walmart Store #5823*, No.

3:17–CV–3264–D–BN, 2017 WL 6612944, at *4 (N.D. Tex. Nov. 6, 2017) (finding that the plaintiff

failed to state plausible claims for relief against non-jural entities), *adopted by*, 2017 WL 6611576

(N.D. Tex. Dec. 27, 2017).

### 2.       The County

The County contends that Plaintiff "has failed to plead any specific facts" that would subject

it to municipal liability under § 1983.  (doc. 13 at 6-7.)

Municipalities, including counties and cities, may be held liable under § 1983.  *Hampton Co.

Nat'l Sur., LLC v. Tunica Cty.*, 543 F.3d 221, 224 (5th Cir. 2008).  A municipality may be liable

under § 1983 if the execution of one of its customs or policies deprives a plaintiff of his or her

constitutional rights.  *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690–91 (1978); *Jones v. City

of Hurst, Tex.*, No. 4:05–CV–798–A, 2006 WL 522127, at *3 (N.D. Tex. Mar. 2, 2006) (citing

*Board of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997)).  It is well-settled that a municipality

16

cannot be liable under a theory of *respondeat superior*, however. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing cases). "Under the decisions of the Supreme Court and [the Fifth Circuit], municipal liability under section 1983 requires proof of three elements: a policy maker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Id.* (citing *Monell*, 436 U.S. at 694); *see also Valle v. City of Houston*, 613 F.3d 536, 541-42 (5th Cir. 2010); *Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005). Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law. *Monell*, 436 U.S. at 691–95.

Here, Plaintiff alleges that "[D]efendants acted under contract and color of non-positive law titles for profit" and "deprived him of his life, liberty, and property without due process of law" by imposing child support obligations upon him. (*See* doc. 12 at 1, 4, 10.) He asserts that "4[5] C.F.R. § 302.34,[9] and 231.0011(a)(4)(b)(c)(d)(f) and (g) proves the existence of the municipal policy, custom, and practice," and that the "policy, custom and practice contributed to the deprivation and violation of [his] federal rights." (*Id.* at 11.)[10] He does not allege how these statutes prove "the existence of [a] municipal policy," however; nor does he allege that a specific policy was officially adopted and promulgated by the County's lawmaking officers or by an official who had been delegated law-making authority. (*See id.*) He also has not plead facts showing that any policy

---

[9] 45 C.F.R. § 302.34 provides for cooperative arrangements between states and "appropriate courts; law enforcement officials . . . ; corrections officials; and Indian Tribes or Tribal organizations."

[10] Plaintiff's his citation to section "231.0011(a)(4)(b)(c)(d)(f) and (g)" appears to be reference to the Texas Family Code, as he continuously refers to "IV-D activities" throughout his complaint. *See* Tex. Fam. Code Ann. § 231.0011 (discussing Title IV-D agencies and services in relation to the development and implementation of "a statewide integrated system for child support, medical support, and dental support enforcement . . . .").

caused a violation of his constitutional rights. (*See id.*) He makes only vague and conclusory allegations that his rights were violated because he was obligated to pay child support following his divorce. (*See id.* at 1, 4, 9-13.) Finally, he fails to allege any persistent and widespread practice that caused his injury. *See Monell*, 436 U.S. at 691–95. He has therefore failed to state a claim for municipal liability under § 1983, and his claims against the County should be dismissed for failure to state a claim. *Lewis v. City of Waxahachie*, No. 3:10–CV–2578–N–BH, 2011 WL 7070991, at *3 (N.D. Tex. Dec. 21, 2011) (finding that the plaintiff failed to state a claim for municipal liability under section 1983), *adopted by*, 2012 WL 176681 (N.D. Tex. Jan. 20, 2012).

### 3.    *County Clerk*

The County Clerk asserts that Plaintiff "has failed to plead any specific facts in his pleadings to state a claim for relief which is plausible on its face." (doc. 13 at 7.)

Supervisory officials cannot be held liable for the unconstitutional actions of their subordinates based on any theory of vicarious or *respondeat superior* liability. *See Estate of Davis ex rel. McCully v. City of North Richmond Hills*, 406 F.3d 375, 381 (5th Cir. 2005). In order to prevail against a supervisor under § 1983, a plaintiff must show that: 1) the supervisor's conduct directly caused a constitutional violation; or 2) that the supervisor was "deliberately indifferent" to a violation of a constitutional right. *Breaux v. City of Garland*, 205 F.3d 150, 161 (5th Cir. 2000). The acts of a subordinate "trigger no individual § 1983 liability." *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999). There must be some showing of personal involvement by a particular individual defendant to prevail against such individual. *Id.* A plaintiff cannot make generalized allegations. *Howard v. Fortenberry*, 723 F.2d 1206 (5th Cir. 1984).

Here, Plaintiff alleges that when he applied for his marriage license, the County Clerk failed

to adequately notify him that he would be subject to child support obligations if he had children and his "marriage did not work." (doc. 12 at 9.) He also appears to claim that the County Clerk has not "discharge[d] the duties of the office diligently, honestly, impartially, and courteously." (*Id*. at 12.) He does not plead how any alleged actions rise to the level of a constitutional violation for which relief is available in this civil action however. (*See id.*) He also makes only vague and conclusory statements that acts were committed under color of state law. (*See id*. at 2, 4, 9-10.)

Additionally, court clerks "have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion." *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. 1981). They "enjoy [ ] only qualified immunity[, however,] for those routine duties not explicitly commanded by a court decree or by the judge's instructions." *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001). A court clerk has absolute immunity when his actions are prescribed by court rules. *Florence v. Buchmeyer*, 500 F. Supp. 2d 618, 643 (N.D. Tex. 2007). Plaintiff has not alleged that any actions were not taken under court order, according to court rules, or at a judge's discretion, and therefore the County Clerk also has absolute immunity for these actions. *See Small v. Dallas County Tex.*, 170 F. App'x 943, 944 (5th Cir. 2006) (holding that the clerk of a state district court was entitled to absolute immunity absent allegation that any of his actions were not taken under court order or at judge's discretion); *Lewis*, 2011 WL 7070991, at *3 (finding that a county clerk had absolute immunity for claims asserted against her under section 1983). Accordingly, Plaintiff's § 1983 claims against the County Clerk in his individual capacity should be dismissed for failure to state a claim.[11] *See Lewis*, 2011 WL 7070991, at *3.

---

[11] To the extent Plaintiff is asserting claims against the County Clerk in his official capacity, those claims are essentially claims against the County. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Lewis*, 2011 WL 7070991, at *7 (citing *Graham*, 473 U.S. at 165). As discussed above, Plaintiff has failed to state a claim for relief against the County and therefore any claims against the County Clerk in his official capacity are also subject to dismissal.

Because Plaintiff has failed to state a claim under § 1983 against any of the Dallas County Defendants, their motion to dismiss those claims should be granted, and Plaintiff's federal law claims should be dismissed.[12] *See Thomas v. State*, 294 F. Supp. 3d 576, 605–611 (N.D. Tex. 2018) (dismissing federal claims asserted under section 1983 for failure to state a claim).

**B.    State Law Claims**[13]

The County also moves to dismiss some of Plaintiff's state law claims.  (doc. 13 at 7-8.)[14]

Under § 1367(a), federal courts have "supplemental jurisdiction over all other claims that are so related to claims in the action within [its] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  In essence, § 1367(a) grants the courts the "power to hear a state law claim under pendent or supplemental jurisdiction if (1) the federal issues are substantial, even if subsequently decided adverse to the party claiming it; and (2) the state and federal claims derive from a common nucleus of operative fact."  *McKee v. Texas Star Salon, LLC*, No. 3:15–CV–1162–D, 2007 WL 2381246, at *4 (N.D. Tex. Aug. 21, 2007) (citations omitted); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1996).

When all federal claims are dismissed prior to trial, the general rule in this circuit is to

---

[12] As noted, Plaintiff also seeks declaratory relief.  (doc. 12 at 1, 13-14.)  Although the County Defendants do not appear to move for dismissal his claim for declaratory relief, as discussed more fully below, a court may *sua sponte* dismiss a plaintiff's claims for failure to state a claim as long as the plaintiff has notice and an opportunity respond.  *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (citing *Shawnee Int'l., N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984)).  Because Plaintiff's substantive federal claims against the County Defendants are subject to dismissal for failure to state a claim, his request for declaratory relief should be *sua sponte* dismissed for failure to state a claim.  *See Turner v. AmericaHomeKey Inc.*, No. 3:11–CV–0860–D, 2011 WL 3606688, at *6 (N.D. Tex. Aug. 16, 2011) (dismissing the plaintiff's request for declaratory judgment where he pleaded no viable claim for relief).

[13] Because any state law claims asserted against the CSD are subject to dismissal based on Eleventh Amendment immunity, only state law claims asserted against the County Defendants are addressed.

[14] The other County Defendants do not appear to move for dismissal of Plaintiff's state law claims.  (*See* doc. 13.)

20

decline exercising jurisdiction over the remaining state law claims. *LaPorte Constr. Co. v. Bayshore Nat'l Bank*, 805 F.2d 1254, 1257 (5th Cir. 1986); *see also* 28 U.S.C. § 1367(c)(3). This rule is "neither mandatory nor absolute." *Smith v. Amedisys Inc.*, 298 F.3d 434, 447 (5th Cir. 2002) (citation omitted). Rather, district courts are given wide discretion in deciding whether to exercise jurisdiction under such circumstances. *See Heaton v. Monogram Credit Card Bank*, 231 F.3d 994, 997 (5th Cir. 2000); *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993); *see also United Mine Workers*, 383 U.S. at 726 ("[P]endent jurisdiction is a doctrine of discretion, not of [a] plaintiffs right."). In exercising this discretion, courts should consider issues of judicial economy, convenience, and fairness to the litigants. *LaPorte Constr. Co.*, 805 F.2d at 1257. However, "no single factor is dispositive." *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008).

Here, the factors weigh in favor of retaining jurisdiction over Plaintiff's state law claims. Any alleged state law claims arise from the same "common nucleus of operative facts" as his federal claims, namely, the alleged civil rights violations based on the imposition of child support obligations upon him following his divorce. (*See* doc. 12.) Requiring Plaintiff to litigate any alleged state law claims in state court would "necessarily require consideration by two distinct courts of the same operative fact[s]" and the "same legal issues." *See McKee*, 2007 WL 2381246, at *4. Given Plaintiff's failure to state a claim for relief against Defendants in federal court, or otherwise show that a genuine controversy exists between the parties, allowing him to file suit in state court would impose unnecessary expenses on the court system and the parties involved. *See McCall v. Peters*, No. CIV.A. 3:00–CV–2247–D, 2003 WL 21488211, at *12 (N.D. Tex. May 12, 2003), *aff'd*, 108 F. App'x 862 (5th Cir. 2004) (in determining whether to exercise pendent or supplemental jurisdiction, the court may consider factors such as the amount of time and resources spent

adjudicating the case). Because all three factors weigh in favor of retaining jurisdiction over Plaintiff's state law claims, the Court should exercise supplemental jurisdiction and review the claims on the merits.

### 1.    Texas Tort Claims Act (TTCA)

The County argues that Plaintiff "has failed to demonstrate that his claims against it under the state law of Texas fall within the limited waiver of immunity provided for by the TTCA." (doc. 13 at 7-8.)

As noted, "[s]overeign immunity generally defeats a court's subject matter jurisdiction over a suit against a state unless the state expressly consents to suit." *Austin v. Hood Cty.*, No. 3:06–CV–1997–D, 2007 WL 1544379, at *2 (N.D. Tex. May 29, 2007) (citing *Harris Cty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004)). "Governmental immunity operates like sovereign immunity to afford similar protection to subdivisions of the State, including counties . . . ." *Id.*; *Harris Cty., TX v. Cabazos*, 177 S.W.3d 105, 109 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (citing Tex. Civ. Prac. & Rem. Code Ann. § 101.001(3)(B)) ("A county . . . as a political subdivision of the State, falls within the parameters of the TTCA."). This "waiver of immunity constitutes the 'only . . . avenue for common-law recovery against the government' on a tort theory." *Dorward v. Ramirez*, No. 3:09–CV–0018–D, 2009 WL 2777880, at *13 (N.D. Tex. Aug. 28, 2009) (quoting *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008)). Therefore, a political subdivision of the state of Texas is not liable for the acts or conduct of its employees unless its governmental immunity is waived by the TTCA. *See City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex. 1994). The TTCA waives governmental immunity in three general areas: "use of publicly owned vehicles, premises defects, and injuries arising from conditions or use of property."

*Brown v. Montgomery County Hosp. Dist.*, 905 S.W.2d 481, 484 (Tex. App.—Beaumont 1995, no pet.); *see also* Tex. Civ. Prac. & Rem. Code § 101.021.  The TTCA's limited waiver of sovereign immunity expressly does not apply to claims "arising out of assault, battery, false imprisonment, or any other intentional tort," however.  Tex. Civ. Prac. & Rem. Code Ann. § 101.057(2) (West 2011) (emphasis added); *Swiat v. City of Fort Worth*, No. 4:10–CV–354–A, 2011 WL 2559637, at *5 (N.D. Tex. June 28, 2011).

Here, Plaintiff does not appear to be asserting any state law tort claims.  (*See* doc. 12.)  He alleges only that he was deprived "of his rights, privileges, and immunities secured by the Federal and State Constitutions and laws" because child support obligations were imposed upon him following his divorce.  (*See id.* at 9.)  To the extent he is seeking to assert any tort claims under state law, his claims would appear to involve intentional conduct, and are not based on allegations of injuries arising out of the "use of publicly owned vehicles, premises defects, [or] injuries arising from conditions or use of property." *Brown*, 905 S.W.2d at 484; *see also* Tex. Civ. Prac. & Rem. Code § 101.021.  Accordingly, to the extent Plaintiff is asserting any state law tort claims against the County, those claims should be dismissed for failure to state a claim.  *See Birabil v. Martinez*, No. 3:15–CV–2255–M, 2016 WL 4402259, at *7 (N.D. Tex. July 11, 2016) (dismissing claims against a city under Rule 12(b)(6) where the city was immune from suit under the TTCA), *adopted by*, 2016 WL 4411412 (N.D. Tex. Aug. 18, 2016).

### 2.  *Sua Sponte Dismissal*

Plaintiff also appears to assert to assert claims for violations of "TX state law" and the "State Constitution."  (doc. 12 at 1, 9-11.)  The County does not appear to move to dismiss Plaintiff's claims asserted under the Texas Constitution or other state law, and as noted, the remaining County

Defendants also do not appear to move for dismissal of any such claims.  (*See* doc. 13.)

As noted, a court may *sua sponte* dismiss a plaintiff's claims on its own motion under Rule 12(b)(6) for failure to state a claim as long as the plaintiff has notice of the Court's intention and an opportunity respond.  *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (citing *Shawnee Int'l., N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984)).  "The fourteen-day time frame for filing objections to a recommended dismissal provides Plaintiff with notice and an opportunity to respond."  *Fantroy v. First Fin. Bank, N.A.*, No. 3:12–CV–0082–N (BH), 2012 WL 6764551, at *7 (N.D. Tex. Dec. 10, 2012) (citing *Ratcliff v. Coker*, No. 9:08–CV–127, 2008 WL 4500321, at *3 n.1 (E.D. Tex. Sept. 26, 2008)), *adopted by* 2013 WL 55669 (N.D. Tex. Jan. 4, 2013).

Here, Plaintiff only generically alleges violations of "TX state law" and the "State Constitution."  (doc. 12 at 1, 9-11.)  He does not state how any alleged acts violated the Texas Constitution or state law, however, nor does he present any facts that would support any alleged violations.  (*See id.*)  As noted, regardless of whether a plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal, *Guidry*, 954 F.2d at 281, and a plaintiff must provide "more than labels and conclusions."  *Twombly*, 550 U.S. at 555.  Because Plaintiff has failed to do so, any claims under Texas law or the Texas Constitution against the County Defendants should be dismissed *sua sponte* for failure to state a claim.[15]

---

[15] Plaintiff also appears to seek attorney's fees.  (doc. 12 at 14.)  Because he is proceeding *pro se*, however, he may not recover attorney's fees.  *See Danial v. Daniels*, 162 F. App'x 288, 291 (5th Cir. 2006) ("Attorney's fees are not available to a non-attorney *pro se* litigant.") (citing *McLean v. Int'l Harvester Co.*, 902 F.2d 372, 373 (5th Cir. 1990)); *Vaksman v. C.I.R.*, 54 F. App'x 592 (5th Cir. 2002) ("As a *pro se* litigant, [the petitioner] is not entitled to attorney['s] fees because, quite simply, he did not actually 'pay' or 'incur' attorney['s] fees.").  In any event, he is not entitled to attorney's fees because has failed to plead any viable causes of action.  *See Everhart v. CitiMortgage, Inc.*,

## V. OPPORTUNITY TO AMEND

Notwithstanding their failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07–CV–1975–D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00–CV–0863–D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96–CV–2923–D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. A *pro se* plaintiff may also obtain leave to amend his complaint in response to a recommended dismissal. *See Swanson v. Aegis Commc'ns Grp., Inc.*, No. 3:09–CV–0041–D, 2010 WL 26459, at * 1 (N.D. Tex. Jan. 5, 2010); *Scott*, 2008 WL 398314, at *1. However, "[w]hen a plaintiff is given an opportunity to amend a complaint that fails to state a claim upon which relief can be granted, but refuses to do so, then the district court is justified in dismissing the complaint with prejudice." *Rodriguez v. U.S.*, 66 F.3d 95, 98 (5th Cir. 1995). Additionally, a court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, Plaintiff has amended his complaint once, and he submitted a response and surreply to Defendants' motions to dismiss. His claims against the CSD are barred by immunity, and he still fails to state a claim upon which relief can be granted against the County Defendants. (*See* docs. 12; 20; 23.) Because it appears he has alleged his best case, further opportunity to amend is unwarranted.

---

No. H–12–1338, 2013 WL 264436, at *10 (S.D. Tex. Jan. 22, 2013); *Avila v. Mortg. Elec. Registration Sys., Inc.*, No. 4:12–CV–830, 2012 WL 6055298, at *7 (S.D. Tex. Dec. 5, 2012).

## VI. RECOMMENDATION

Defendants' motions to dismiss should be **GRANTED**.  Plaintiff's federal and state law claims against the CSD should be **DISMISSED without prejudice** for lack of subject-matter jurisdiction, his federal claims against the County Defendants and any state law tort claims against the County should be **DISMISSED with prejudice** for failure to state a claim, and any remaining claims should be *sua sponte* **DISMISSED with prejudice** for failure to state a claim.

**SO RECOMMENDED** on this 5th day of November, 2018.


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

26